IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF DAVID PAPADAKOS, deceased; and the heirs of David Papadakos, MICHAEL and CATHERINE PAPADAKOS,<br><br>       Plaintiffs,<br><br>v.<br><br>L. VANCE NORTON, in his official and individual capacities; LISA JORGENSEN, in her official and individual capacities;<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14cv774<br><br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is L. Vance Norton's ("Defendant") motion to file video recordings under seal.[2]  The court has carefully reviewed memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 26.

[2] *See* docket no. 15.

This action arises from the criminal prosecution of David Papadakos. David was charged with two counts of sexual abuse of a child and nine counts of forcible sexual abuse based on allegations made by his adopted son B.P. The allegations of abuse are documented in video recordings of three interviews conducted in part by Defendant. The videos depict statements made by B.P. while he was a minor being interviewed at the Children's Justice Center. The videos contain discussion of highly personal information about B.P. beyond the allegations of abuse that are the subject of this case.

Defendant requests that the court order that any copy of the video recordings of the interviews with B.P. be filed under seal in order to protect the privacy of B.P. Defendant contends that it would be difficult, if not impossible, for counsel to redact the video recordings to omit B.P.'s name and the name of other minors referenced in the recordings as required by Rule 5.2(a) of the Federal Rules of Civil Procedure and DUCivR 5.2-1(a). Defendant asserts that sealing the video recordings would not prevent the parties from filing and quoting transcripts of the interviews, with the appropriate redactions, without seal.

In opposition, the Estate of David Papadakos, Michael Papadakos, and Catherine Papadakos (collectively, "Plaintiffs") assert that sealing the interviews with B.P. is unwarranted in this case. Specifically, Plaintiffs contend that B.P. is no longer a minor; the transcripts of the interviews Defendant has presented are incomplete and have omissions; the transcripts do not add vital context, including body language, facial expressions, and tone of voice; and it would be burdensome on Plaintiffs to comply with sealing rules. Plaintiffs further argue that granting Defendant's motion would unnecessarily restrict evidence that should be made available to the public. The court is not persuaded by Plaintiffs' arguments.

Defendant is not asking the court or an eventual jury to rely on the transcripts rather than the videos.  As noted by Defendant, if the case ultimately goes to trial, it will be critical for the jury to watch the videos and an order requiring the videos be filed under seal would not prevent the jury from doing so.  Requiring the videos to be filed under seal strikes an appropriate balance between respecting and protecting B.P.'s privacy, while also respecting the policy that court documents be made available to the public.  Furthermore, this court orders the videos to be sealed only until the pretrial conference at which time the matter may be revisited by Judge Shelby to determine whether it is proper to seal the portions of the trial during which the videos are played or to unseal the videos before trial.  The court concludes that Defendant's request is narrowly tailored to protect and respect the privacy of B.P. while respecting the presumption that records of the court are open to the public set forth in DUCiv 5-2(a).  Accordingly, Defendant's motion is **GRANTED**.

Additionally, in Plaintiffs' memorandum in opposition, B.P.'s full date of birth is included, contrary to Rule 5.2(a)(2) and DUCivR 5.2-1, which require that pleadings be redacted such that only the year of an individual's birth be included.  Thus, the court further orders Plaintiffs to correct their filing so that only the year of B.P.'s birth is included.

**IT IS SO ORDERED**.

DATED this 17th day of August, 2015.

BY THE COURT:

_/s/ Paul M. Warner_

PAUL M. WARNER
United States Magistrate Judge

3